**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL A. PETERSON, # B-82538,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 13-cv-1048-JPG** |
| ) | |
| **MICHAEL W. DUNLAP, MARC HODGE,** ) | |
| **BRIAN STAFFORD, and LT. GOINS,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 15-year sentence for aggravated criminal sexual assault, as well as shorter sentences for three other felonies. Plaintiff claims that Defendant Dunlap subjected him to excessive force, and that the other Defendants failed to adequately respond to the incident.

More specifically, Plaintiff claims that on October 14, 2011, he was pulled out of the chow line and searched (Doc. 1, p. 5). The officer called him names and poked him in the chest. An unnamed lieutenant ordered Plaintiff to be handcuffed and taken to the Health Care Unit. Defendant Dunlap (correctional officer) put the handcuffs on Plaintiff and escorted him away.

As they walked, Defendant Dunlap held Plaintiff's arms and kept stepping on Plaintiff's right foot and leg. Plaintiff asked him to stop, but instead of doing so, Defendant Dunlap knocked Plaintiff to the ground by placing his right foot in front of Plaintiff's left foot, pulling up on Plaintiff's handcuffed arms, and forcing his hip into Plaintiff's left hip. Plaintiff hit the concrete floor head first, also striking his neck, shoulder, hip, legs, and knees. Plaintiff was

knocked semi-conscious and could feel blows hitting his body.  He heard Defendant Dunlap calling for help on the radio.  He then was carried face down by five officers, who tossed him onto the floor in a Health Care Unit room and locked him in.  About fifteen minutes later, a lieutenant and other officers came in and brought a nurse (Defendant does not identify any of these individuals).  The nurse told Plaintiff he was all right, and left him.  At this point in his narrative, Plaintiff refers to some exhibits, but none were included with the complaint.

Plaintiff obtained some prescription pain medication, but it has not been renewed (Doc. 1, p. 5).  He suffers from headaches and pain in his neck, back, hip, and leg, and has blurred vision at times.

Plaintiff states that Defendant Goins conducted a hearing on Plaintiff's disciplinary report two days after the incident and dismissed the charges against Plaintiff (Doc. 1, p. 2).  However, Defendant Goins did nothing to investigate Plaintiff's complaint about Defendant Dunlap's assault.  Defendant Stafford (internal affairs) and Defendant Hodge (warden) were made aware of the incident, but refused to properly investigate or discipline Defendant Dunlap, or to transfer Plaintiff away from him (Doc. 1, p. 2).

Plaintiff seeks damages as well as injunctive relief (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Dunlap for excessive force **(Count 1)**.  However, Plaintiff's allegations against the remaining Defendants regarding their failure to

investigate the excessive force incident or take any action in response **(Count 2)** fail to state a claim upon which relief may be granted, and shall be dismissed.

## Dismissal of Count 2

Plaintiff does not claim that Defendants Hodge, Stafford, or Goins were present when Defendant Dunlap knocked him down and beat him, nor that they had any knowledge of the incident until Plaintiff complained to them after it had ended.  He faults them only for their inadequate responses to his complaints or grievances.  However, the failure to investigate an inmate's complaint of staff misconduct does not violate the Constitution.  The Seventh Circuit instructs that the alleged mishandling of complaints or grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Plaintiff thus cannot maintain a civil rights claim against Defendants Hodge, Stafford, or Goins for their failure to investigate his complaint about Defendant Dunlap's actions.

Even if one or more of these Defendants had supervisory authority over Defendant Dunlap, this is also not sufficient to impose liability on them.  The doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001).  Plaintiff has not alleged that Defendants Hodge, Stafford, or Goins were "personally responsible for the deprivation of a constitutional right."  *Id.*  Defendants Stafford and Goins shall therefore be dismissed from this action, as will Count 2.

Plaintiff is, however, seeking injunctive relief.  Whether he may be entitled to a transfer or other remediation to limit his contact with Defendant Dunlap must await further evidentiary

development.  Defendant Warden Hodge shall therefore remain in the action, for the purpose of carrying out any injunctive relief if it should be ordered.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Frazier for further consideration.

**Disposition**

**COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendants **STAFFORD** and **GOINS** are **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **DUNLAP** and **HODGE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address

shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 30, 2013**

*s/ J. Phil Gilbert*
United States District Judge