IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL A. PETERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-1048-SMY-PMF |
| ) | |
| **MICHAEL W. DUNLAP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Michael Peterson's amended motion for a temporary restraining order or preliminary or permanent injunction (Doc. No. 35). Supporting exhibits are on file (Doc. Nos. 36, 42). The motion is opposed (Doc. No. 41). A reply is on file (Doc. No. 43). This is Peterson's second request for injunctive relief. His first request was denied by Judge Gilbert before this case was reassigned (Doc. No. 32).

Peterson is seeking a different ruling on the same requests that were considered and resolved when his first motion was denied. This second motion is evaluated under Rule 54(b) of the Federal Rules of Civil Procedure, which allows for revision of rulings prior to entry of judgment. Reconsideration is proper in certain circumstances, such as to correct a manifest error of law or fact, to allow for consideration of newly discovered evidence, to correct a patent misunderstanding, or where the law or facts have changed significantly since the issue was first submitted to the Court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Peterson submits some new materials attributing unnecessary use of force, misconduct, and poor job performance to non-party correctional officers. He interprets a June 14, 2014,

disciplinary ticket as retaliatory conduct by defendant Dunlap and suggests that prison administrators have declined to transfer him to a low security facility because his concerns could not be substantiated as anything more than a personality conflict.  Dunlap admits that he issued a disciplinary ticket to Peterson on June 14, 2014, but denies any retaliatory motive.  On review of the new materials, the Court is not persuaded that reconsideration is appropriate.

IT IS RECOMMENDED that the second motion for injunctive relief (Doc. No. 35) be evaluated as a motion for reconsideration and DENIED, without prejudice to plaintiff's right to seek permanent injunctive relief at the appropriate time.

**SUBMITTED:  October 16, 2014.**

  s/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**